GIBSON OAT CRUSHER CO. v. CITY FUEL CO.

(District Court, N. D. Illinois, E. D.   April 11, 1912.)

No. 30,302.

PATENTS (§ 328*)—INFRINGEMENT—FEED CRUSHER.
      The Gibson patent, No. 923,966, for a feed crusher, in view of the narrow construction required by the prior art, *held* not infringed by the machine of the Bell patent, No. 798,255.

In Equity.   Suit by the Gibson Oat Crusher Company against the City Fuel Company.   On final hearing.   Decree for defendant.

Charles O. Shervey, of Chicago, Ill., for complainant.
Barthel & Barthel, of Detroit, Mich., for defendant.

KOHLSAAT, Circuit Judge.   This suit was instituted to restrain defendant from infringing patent No. 923,966, granted to J. L. Gibson for a feed crusher, and is now before the court on final hearing. The two claims of the patent read as follows, viz.:

"1. A crusher for uncleaned feed, comprising an inclined vibratory separating screen, having fine perforations at its upper end, and coarse perforations beyond the fine perforations, a pair of suitably driven rolls, a receiving hopper having a discharge opening located above the fine perforations, and a second hopper located wholly below the screen for delivering the separated feed to the rolls, and having a wall which extends to the point of separation between the fine and coarse perforations, substantially as and for the purpose set forth.

"2. A crusher for uncleaned feed, comprising an inclined separating screen having fine perforations at its upper end and coarse perforations beyond the fine perforations, flexible arms carrying said screen, a receiving hopper having a regulatable discharge opening located above the fine perforations, a pair of crushing rolls having an equal peripheral speed located below the screen, stationary bearings for one of the rolls, movable bearings for the other roll, adjustment means for yieldingly limiting movement of the movable bearings away from the stationary bearings, whereby the amount of separation of the rolls may be varied according to the quantity of feed which is to be operated upon by the rolls, a second hopper located wholly below the screen for delivering the separated feed to the rolls and having a wall which extends to the dividing line between the fine and coarse perforations, a pulley connected with the stationary roll, a shaft having an eccentric near each end, a pulley upon said shaft, an arm connecting each eccentric with the screen and a belt connecting the pulley."

Briefly, the claims cover a device for cleaning and then crushing or cracking open oats, barley, wheat, corn, and the like as opposed to grinding thereof, for purposes of animal feed.   Its parts consist in the main of (1) a boxlike frame; (2) a receiving hopper above the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

frame, having an adjustable outlet or gate; (3) a vibratable screen or sieve between the hopper and frame, having a shelf which acts as a bottom for the hopper, while it still moves with the sieve, and two sizes of perforations, the smaller one under the hopper, to eliminate the dust, sand, etc., the other or coarser meshes located further along, to separate the grain from straw and other foreign substances; (4) hopper plates below the screen to conduct the grain into the rollers, and (5) adjustable and yielding crushing rolls, having equal peripheral speed, one having stationary, and the other movable, bearings. The patent specification explains that it is of the essence of the device that the grain be simply crushed, and not ground, as it is the purpose of the patentee to preserve the greatest amount of nutrition in his product, a result which does not, he contends, follow grinding. Crushing, or cracking open, can only be produced by running the grain between rollers having the same peripheral speed. A differential between the speeds of the two rollers results in grinding the grain.

Defendant's device is practically the crushing machine shown in patent No. 796,255, granted to George A. Bell on August 9, 1905, for grinding grain and stone and the like, plus a cleaning device. He uses a pair of yielding conoidal disks for grinding, the peripheries of which travel with unequal speed, and, according to complainant, must grind, and not merely crush, the grain. It is defendant's contention that the patent covers merely an aggregation of elements old in the grinding art, whereas complainant insists that the act of reconstruction involved in the union of the two elements, cleaning and crushing, involved conceptions which belong in the domain of invention.

It must be conceded that both the cleaning and the crushing of grain or other substances are old. The crushing rolls are found in the Gage patent, No. 25,964, of 1859, for a quartz-crushing mill; Bovey patent, No. 117,975, of 1871, for a clay pulverizer; Blake patent, No. 198,561, of 1877, for an ore crusher; Stevens patent, No. 236,643, of 1881, for a grinding or crushing mill; Porter patent, No. 285,512, of September, 1883, for a corn crushing and splitting machine; and many other patents. The sieve for cleaning is found in the Wyche and Dickson patent, No. 79,620, of 1868. This device shows also the hopper and the sieve with two sizes of meshes; the upper being large and the lower small, reversing the order of the meshes in the Gibson patent.

Vibrating screens or sieves are shown in Mobray patent, No. 131,-625, of 1872, for feed regulators and middling separators; Berhelsen & Martens patent, No. 163,139, of May 11, 1875, for process of preparing grain for grinding; and Hubbell patent, No. 75,761, of 1868, for hulling grain. This device shows a sieve with large and small openings, as in the device in suit. This patent also shows the inclined hopper walls extending to the point of separation between the small and large meshed screens. Indeed, except that grinding stones are used in place of crushing rolls, and that no hopper is shown, Hubbell seems to have practically anticipated the device in suit. From Complainant's Exhibit File Wrapper Contents, McCullough patent, it appears that the examiner in chief, in passing on the application of one

McCullough to be placed in interference with the Gibson patent in suit, approved the action of the examiner, refusing the McCullough application, upon the ground that the subject-matter was fully anticipated in the Hubbell patent, and that the applicant was, therefore, not in position to ask to be placed in interference. If this finding has any bearing upon the validity of the patent in suit, it is that the examiners did not deem the matters sought to be placed in interference of a character which would justify the issue of a patent therefor to either of the claimants. Why one was granted to complainant can only be a matter of conjecture. The examiner's conclusion is deemed to be borne out by the facts.

It will be seen that the hopper, small mesh sieve, large mesh sieve, hopper plates, and crushing rolls are arranged tandem, and can hardly be said to be co-operative. The cleaning process might be, and has been, used for many purposes, and is entirely independent. As with the tack hammer and rubber-tipped lead pencil, the convenient arrangement of the elements of the crusher in a compact form was a desirable result; but, independent of the various minor modifications, and adjustment features, there would seem to be some ground for the defendant's claim that it is an aggregation, and not a combination, as to the above-named elements. This would be more apparent, should the patent be given a construction covering defendant's device.

In view of the prior art and the differential of the peripheral speed of the rollers used by defendant, infringement is not deemed proven. The bill is therefore dismissed for want of equity.